## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. HEIB | ) | Case No. 4:17-CV-360 |
| | ) | |
| Plaintiff | ) | Judge Pearson |
| | ) | |
| vs. | ) | **_AMENDED COMPLAINT_** |
| | ) | |
| HOOBERRY & ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant | ) | |

### *First Claim*

Pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (29 USC§§2001, et seq. and §2016(b)) and Portal-to-Portal Pay Act (29 USC§§251, et seq.), this claim is brought to recover unpaid overtime compensation.

1. At all times relevant, Plaintiff was Defendant's Director of Nursing "employee" within the meaning of 29 USC§203(e)(1).

2. At all times relevant, Defendant was Plaintiff's "employer" within the meaning of 29 USC§203(d).

3. For more than three (3) years now, Defendant has willfully violated the FLSA, failing or refusing to pay Plaintiff for her "longer than forty hours" workweeks at a rate not less than one and one-half times the regular rate at which she was employed, as a direct and proximate result of which she has suffered damages.

### *Second Claim*
### *(Breach of Contract)*

1. Plaintiff realleges and, by reference, herein incorporates the allegations heretofore contained in ¶¶1 and 2 of her First Claim.

2. Throughout and in consideration for a given management employee's loyalty and longevity, Defendant adopted and, as an implied term of such employment relationship, provided a severance benefit for those management employees separated from employment after having served the Defendant for more than ten (10) years.

3. The amount of that benefit was a sum equal to 50% of the separated employee's annual compensation.

4. When she was separated from her employment as Defendant's Director of Nursing on 12/30/16, having served in that capacity for more than ten (10) years, Plaintiff's annual compensation was circa $71,000.00.

5. Upon Plaintiff's stated separation, Defendant tendered her a severance benefit in an amount substantially less than 50% of her annual compensation.

6. Plaintiff returned the tendered sum and here presents her claim for the stated benefit.

7. To date, Defendant has failed or refused to pay the benefit to Plaintiff, as a direct and consequential result of which breach she has been damaged in the approximate sum of $35,500.00.

WHEREFORE, on her First Claim and following 29 USC§216(b), Plaintiff demands judgment against Defendant for: (1) payment of wages lost; (2) an additional equal amount as liquidated damages; (3) allowance of a reasonable attorney's fee; and (4) costs of action.

On her Second Claim, Plaintiff demands judgment against Defendant in the approximate sum of $35,500.00, together with interest as provided by law.

GUARNIERI & SECREST, P.L.L.

/s/Michael D. Rossi
MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482
Telephone: (330) 393-1584
Facsimile: (330) 395-3831
E-mail: mrossi@gsfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017 a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation to the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Michael D. Rossi
MICHAEL D. ROSSI
Attorney for Plaintiff

3