IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PATRICIA A. HEIB,** | : |
| Plaintiff, | : |
| | : Case No. 4:17-CV-00360 |
| v. | : |
| | : Judge Benita Y. Pearson |
| **HOOBERRY & ASSOCIATES, INC.,** | : |
| **d/b/a LAURIE ANN NURSING HOME,** | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## I.      INTRODUCTION

In her Second Claim for Relief in the Amended Complaint, Plaintiff Patricia A. Heib ("Plaintiff") alleges that she has a contractual right to severance. However, she does not allege the existence of, or otherwise include, any written instrument. Accordingly, her contract claim fails as a matter of law.

## II.      PLAINTIFF'S ALLEGATIONS

In her Second Claim, Plaintiff asserts that as an "implied term" of her employment relationship, she was provided a contractual "severance benefit … after having served the Defendant for more than ten (10) years." (Am. Compl. Claim 2, ¶2). This benefit allegedly "was a sum equal to 50% of the separated employee's annual compensation." (*Id*. at ¶3). Plaintiff does not allege in her amended complaint that this contractual benefit was agreed to in writing nor does she attach any written instrument evidencing this agreement. (*See* Am. Compl.).

### III. LAW AND ARGUMENT

#### A. Standard For 12(b)(6) Motion to Dismiss

A motion to dismiss is procedural and tests the sufficiency of the complaint. *State ex. rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St. 3d 545, 548, 65 N.E.2d 378 (1992). Such a motion should be granted when, presuming the truth of all material factual allegations and making all reasonable inferences in the non-moving party's favor, the court finds that the non-moving party cannot prove any set of facts which would entitle him to relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St. 3d, 190, 192, 532 N.E.2d 753 (1988).

Ohio Rule of Civil Procedure 8(A) sets forth the requirements for pleading a claim for relief, stating:

> A pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.

To comply with this rule, the complaint "must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Fancher v. Fancher*, 8 Ohio App. 3d 79, 455 N.E.2d 1344 at ¶2 of the syllabus (1st Dist. 1982). Stated another way, the complaint must contain "sufficient operative facts … to give fair notice of the nature of the action." *Lonestar Steakhouse Saloon of Ohio v. Quaranta*, 7th Dist. No. 01CA60, 2002 Ohio App. LEXIS 7282, *20 (7th Dist. Mar. 18, 2002). If the Complaint fails to give such notice, it must be dismissed for failure to state a claim under Civil Rule 12(B)(6). *Johnson v. Ferguson-Ramos*, 10th Dist. No. 04AP-1180, 2005-Ohio-3280, ¶49, 2005 Ohio App. LEXIS 3064 (10th Dist. June 28, 2005).

Additionally, while for the purposes of deciding a motion to dismiss a court must presume the truth of all material factual allegations in the plaintiff's complaint, this presumption does not extend to conclusory statements unsupported by any factual allegations. *See, e.g.*, *Mitchell*, 40 Ohio St. 3d at 193 ("Unsupported *conclusions* … are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion"); *Snowville Subdivision Joint Venture Phase I v. Home S&L of Youngstown*, 8th Dist. No. 96675, 2012-Ohio-1342, ¶9, 2012 Ohio App. LEXIS 1168 (8th Dist. Mar. 29, 2012) ("to survive a motion to dismiss, the complaint must offer factual support for the legal conclusions drawn within").  However, the claims set forth in the complaint must be plausible, rather than conceivable. *Gallo v. Westfield Nat'l Ins. Co.*, 8th Dist. No. 91893, 2009-Ohio-1094, ¶9, 2009 Ohio App. LEXIS 879 (8th Dist. Mar. 12, 2009).  "While a complaint attacked by a Civ. R. 12(B)(6) motion to dismiss does not need detailed factual allegations, the plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

**B.    Plaintiff's Second Claim Does Not Plead A Viable Contract Claim.**

Plaintiff does not plead (nor does she attach to her Amended Complaint) a written contract, or any other written document that establishes an obligation by Defendant to provide her with specific severance payments.  Accordingly, at best, she is alleging an implied contract. In fact, paragraph 2 of her Second Claim actually states that the severance term was "an implied term of such employment relationship." (Am. Compl. Claim 2, ¶2).  However, Ohio's statute of frauds specifically bars oral agreements that cannot be performed in a period of one year or less. O.R.C. §1335.05:

> No action shall be brought whereby to charge the defendant, upon
> a special promise, to answer for the debt, default, or miscarriage of

>another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, *or upon an agreement that is not to be performed within one year from the making thereof*; unless the agreement upon which such action is brought, or some memorandum or note thereof is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

(Emphasis added). In this case, Plaintiff actually pleads that the "contract" to pay severance payments could **not** have been performed within a year because it required the employee to have "served the Defendant for more than ten (10) years." (Am. Compl. Claim 2, ¶2). Accordingly, the alleged contract does not comply with Section 1335.05 and her Second Claim must be dismissed in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Partial Motion to Dismiss the Second Claim of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(B)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Bradley A. Sherman
Bradley A. Sherman (0063906)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 696-7600
Facsimile: (216) 696-2038
Email: bsherman@littler.com

Attorney for Defendant,
HOOBERRY & ASSOCIATES, INC.

Firmwide:147535763.1 092609.1001