PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A HEIB, | ) | |
| | ) | CASE NO. 4:17CV360 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| HOOBERRY & ASSOCIATES, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 13] |

Pending is Defendant Hooberry & Associates, Inc.'s, d/b/a Laurie Ann Nursing Home, Rule 12(b)(6) partial motion to dismiss the Second Claim of the Amended Complaint (ECF No. 11) filed by Plaintiff Patricia A Heib. ECF No. 13. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, Defendant's motion is granted.

**I. Background**

Plaintiff Patricia A. Heib filed this action in Trumbull County, Ohio Court of Common Pleas on January 31, 2017. ECF No. 1-1. The action was removed to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1331, 1441(a)-(b). ECF No. 1 ¶ 3. Afer seeking and being granted leave of Court (*see* Motion to Amend Complaint, ECF No. 9), Plaintiff filed an Amended Complaint (ECF No. 11) on May 1, 2017. The two-count Amended Complaint alleges claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Portal-to-Portal Pay

(4:17CV360)

Act, 29 U.S.C. § 251, *et seq.* ("First Claim"), and breach of contract ("Second Claim"). ECF No. 11. On July 28, 2017, Plaintiff filed a notice withdrawing the First Claim of the Amended Complaint.[1] *See* ECF No. 21.

The Second Claim remains before the Court pursuant to the Court's exercise of supplemental jurisdiction under 28 U.S.C. 1367(a).[2] The Second Claim alleges breach of an "implied term of [Plaintiff's] employment relationship." ECF No. 11 at PageID #: 77, ¶ 2. Plaintiff avers that the implied term "provided a severance benefit [of a sum equal to 50% of the separated employee's annual compensation] for those management employees separated from employment after having served the Defendant for more than ten (10) years." *Id.* at PageID #: 77, ¶¶ 2-3. Plaintiff alleges that, upon separation from employment with Defendant as Director of Nursing on December 30, 2016, she had served as a management employee for over ten years but was tendered a severance benefit less than 50% of her salary. *Id.* at ¶¶ 4-5. Plaintiff seeks damages in the amount of approximately $35,500.00 for breach of the alleged implied term severance benefit. *Id.* at ¶ 7.

Defendant filed a partial 12(b)(6) motion to dismiss the breach of contract claim. ECF No. 13. Plaintiff opposes (ECF No. 15), and Defendant filed a reply (ECF No. 16).

---

[1] At the Case Management Conference, the parties informed the Court that, after preliminary discussion among counsel, Plaintiff agreed to voluntarily dismiss the First Claim. The Court ordered Plaintiff to file a formal notice. *See* Mins. of Proceedings, July 26, 2017 ("No later than 8/9/2017, Plaintiff shall file a formal notice to the Court regarding the voluntary dismissal of Plaintiff's FLSA claims.").

[2] Under 28 U.S.C. § 1367(a), a federal district court may exercise supplemental jurisdiction over a state law claim that is part of the same case or controversy.

(4:17CV360)

## II. Legal Standard

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." Id. at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. Twombly, U.S. 550 at 564.

"[T]he prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). The Court's inquiry is limited to the four corners of the complaint, along with any other materials permitted under Fed. R. Civ. P. 12(b)(6) and 10(c). Jackson v. Maui Sands Resort, Inc., No. 1:08-CV-2972, 2009 WL 7732251, at *3 (N.D. Ohio Sept. 8, 2009). "A

(4:17CV360)

dismissal is only proper on the grounds of an affirmative defense, where the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6) leave no doubt that the plaintiff's action is barred by the asserted defense." *Id.*

### III.  Analysis

Defendant seeks to dismiss the Second Claim of the Amended Complaint on the following grounds: (1) "Plaintiff does not plead [, nor attach to the Amended Complaint,] a written contract, or any other written document that establishes an obligation by Defendant to provide her with specific severance payments[;]" and (2) ¶4 of the Amended Complaint pleads an implied contract that is barred under the Ohio Statute of Frauds, Ohio Rev. Code § 1335.05, because the alleged implied contract "could **not** have been performed with a year because it required" at least ten (10) years of service. ECF No. 13-1 at PageID #: 98-99 (emphasis in original).

In opposition, Plaintiff argues the following: (1) the Ohio Statute of Frauds is an affirmative defense under Fed R. Civ. P. 8(c)(1) and Defendant's motion may be granted only when the defense appears clearly on the face of the Amended Complaint; and, (2) the Statute of Frauds defense does not appear clearly in ¶4 of the Amended Complaint because ¶4 alleges part performance and part performance removes the claim from operation of the Ohio Statute of Frauds. ECF No. 15. In her second argument, it appears Plaintiff is asserting that the language "having served in that capacity for more than 10 years" alleges part performance. *See* Amended Complaint, ECF No. 11 ¶ 4. Thus, Plaintiff contends that the part performance exception to the Ohio Statute of Frauds applies in this case.

(4:17CV360)

Plaintiff attached a sworn affidavit to her opposition, that alleges "a promissory estoppel component of the parties' agreement." ECF No. 15 at PageID #: 108; *see also* Affidavit of Patricia A. Heib, ECF No. 15-1 (the "Affidavit"). In the Affidavit, Plaintiff swore that she was told she would receive a severance benefit during her interview in February 2006 and that she relied on the promise of a severance benefit when she accepted the position with Defendant. ECF No. 15-1 ¶¶ 2-5. Plaintiff contends that the allegations contained in the Affidavit invoke the promissory estoppel exception to Ohio's Statute of Frauds.[3]

The Ohio Statute of Frauds, Ohio Rev. Code § 1335.05, provides:

> No action shall be brought whereby to charge the defendant, . . . upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Exceptions to the Statute of Frauds have been recognized by Ohio's appellate courts.

> Ohio appellate courts[]will permit an agreement to be removed from operation of the Statutes of Frauds but only by virtue of either of the following: (1) partial performance; and (2) the doctrine of promissory estoppel. []
>
> An agreement is removable from operation of the Statutes of Frauds by virtue of partial performance only where the party relying on the agreement changes his position to his detriment thereby making it impractical or impossible to return the parties to their original status. [] An agreement is removable from operation of the Statutes of Frauds by virtue of the doctrine of promissory estoppel

---

[3] Because the Affidavit presents a matter outside of a pleading, Plaintiff avers that the Court should treat Defendant's motion to dismiss as a Rule 56 motion for summary judgment under Fed. R. Civ. P. 12(d) and the motion should be denied. ECF No. 15 at PageID #: 108.

5

(4:17CV360)

> only when there has been a misrepresentation of compliance with the Statutes of Frauds or a promise to make a writing of an oral agreement. []

*Saydell v. Geppetto's Pizza & Ribs Franchise Sys.*, Inc., 652 N.E.2d 218, 224 (Ohio Ct. App. 1994) (citations omitted).

Plaintiff has filed no writing as evidence of the alleged implied agreement for a severance benefit owed to Plaintiff. Moreover, the Court finds that by alleging exceptions to the Ohio Statute of Frauds in her opposition, Plaintiff concedes that the Ohio Statute of Frauds applies in this case—*i.e.*, the alleged implied agreement for a severance benefit was not reduced to writing and is an agreement that is not to be performed within one year from the making. The affirmative defense is also evident on the face of the pleadings. The Amended Complaint asserts that the alleged implied agreement for a severance benefit was in existence "[t]hroughout" Plaintiff and Defendant's employment relationship. ECF No. 11 ¶ 2. Plaintiff alleges that she served as Defendant's Director of Nursing for over 10 years. *Id.* at ¶ 4. Therefore, Plaintiff has pled that the alleged implied agreement for a severance benefit was in place for at least 10 years.

The Court also finds that the part performance exception to the Ohio Statute of Frauds is not evident on the face of the Amended Complaint. Plaintiff does not plead that, relying on the alleged implied agreement for a severance benefit, she changed her position to her detriment. Moreover, Plaintiff's claim for promissory estoppel, *i.e.*, a second exception to the statute of frauds, appears to be a concession that the statute of frauds applies in this case. Yet, the Amended Complaint and Plaintiff's opposition do not plead facts that constitute misrepresentation of compliance with the Statutes of Frauds or a promise to make a writing of an

(4:17CV360)

oral agreement such that the promissory estoppel exception to the Statute of Frauds applies.[4] *See Saydell*, 652 N.E.2d at 224.

Accordingly, the Court finds that the Ohio Statute of Frauds defense appears clearly on the face of the Amended Complaint, and, as explained above, the Second Claim of the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 13) is granted. The Second Claim of the Amended Complaint is dismissed with prejudice. The matter is closed.

IT IS SO ORDERED.

| November 22 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[4] Because it is clear on the face of the Amended Complaint that Plaintiff will not succeed on the merits of either exception asserted, the Court will not convert Defendant's motion into a Rule 56 motion for summary judgment. *See* ECF No. 15 at PageID #: 107; ECF No. 16 at PageID #: 112 n.1. *See also Arnold v. Family Indep. Agency*, No. 2:11-CV-260, 2011 WL 5840908, at *2 (W.D. Mich. Nov. 21, 2011) ("[A]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.") (explaining the Sixth Circuit's adherence to this rule in *Pierce v. Oakland Cty.*, 652 F.2d 671, 672 (6th Cir. 1981)).