PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA A. HEIB, | ) |
|     Plaintiff, | ) CASE NO. 4:17CV360 |
| v. | ) JUDGE BENITA Y. PEARSON |
| HOOBERRY & ASSOCIATES, INC., | ) **MEMORANDUM OF OPINION &** |
| | ) **ORDER** |
|     Defendant. | ) [Resolving ECF No. 28] |

Pending before the Court is Defendant Hooberry & Associates, Inc.'s Motion for Summary Judgment. ECF No. 28. Plaintiff Patricia Heib responded (ECF No. 29) and Defendant replied (ECF No. 30). For the reasons that follow, Defendant's motion is denied.

## I. Background

Laurie Ann Nursing Home[1] hired Plaintiff as its Director of Nursing on February 22, 2006. ECF No. 28-2 at PageID #: 161. During the hiring process, Plaintiff asked Laurie Ann Nursing Home's facility administrator, Kathy Kolesar, whether she would be provided with retirement benefits through her employment. ECF No. 29-1 at PageID #: 188. Kolesar allegedly informed Plaintiff that, though Laurie Ann Nursing Home did not offer retirement benefits to its

---

[1] Defendant sold Laurie Ann Nursing Home on November 30, 2017. ECF No. 28-2 at PageID #: 161. It is unclear from the record when Defendant commenced ownership of Laurie Ann Nursing Home.

1

(4:17CV360)

employees, Plaintiff would instead be entitled to six months' salary as severance pay after accruing ten years of employment. ECF No. 28-4 at PageID #: 168-69.

Plaintiff asked Kolesar to provide her with a writing memorializing the benefit. *Id.* at PageID #: 170. Kolesar responded that Laurie Ann Nursing Home does not put this benefit in writing. *Id.* Plaintiff did not ask any additional questions about Kolesar's statement regarding Plaintiff's severance pay. *Id.* at PageID #: 169.

Kolesar died in October 2016. ECF No. 28-2 at PageID #: 162. Shortly after Kolesar's death, the State of Ohio conducted a survey inspection of the nursing home facility. *Id.* Defendant alleges that the inspection revealed issues with the quality of nursing and nursing supervision resulting from Plaintiff's poor performance. *Id.* Due to Plaintiff's performance issues, Laurie Ann Nursing Home terminated Plaintiff on December 30, 2016, over ten years after she was hired. *Id.* Upon Plaintiff's termination, Defendant offered Plaintiff a severance payment in an amount substantially less than six months' salary. ECF No. 11 at PageID #: 77. Plaintiff rejected and returned the payment. *Id.*

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the

2

(4:17CV360)

pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the

3

(4:17CV360)

non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III. Discussion

Defendant moves for summary judgment on Plaintiff's sole claim, for breach of contract.[2] To establish a claim for breach of contract under Ohio law, a plaintiff must show (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002). "To prove the existence of a valid contract, the plaintiff must prove all the essential elements of a contract[.]" *MMK Grp., LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio 2008). This includes a showing that both parties to the contract consented to its terms, that there was a meeting of the minds, and that the contract is definite and certain. *Episcopal Ret. Homes, Inc. v. Ohio Dep't of Indus. Relations*, 575 N.E.2d 134, 137 (Ohio 1991).

"While the parties need not agree on every conceivable circumstance that might arise in

---

[2] Plaintiff's Amended Complaint alleges causes of action for breach of contract and violation of the Fair Labor Standards Act ("FLSA"). ECF No. 11. Plaintiff voluntarily dismissed her FLSA claim (ECF No. 21), leaving only her breach of contract claim.

4

(4:17CV360)

order for a contract to exist, they must agree on the contract's essential terms." *In re Estate of Bohl*, 60 N.E.3d 511, 520 (Ohio Ct. App. 2016) (quotation marks omitted). "Terms of an oral contract may be determined from words, deeds, acts, and silence of the parties." *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002) (internal citations and quotation marks omitted). In a contract not for the sale of goods, the essential terms are the parties to the contract and its subject matter. *Estate of Bohl*, 60 N.E.3d at 520 (citing *Mantia v. House*, 900 N.E.2d 641, 643 (Ohio Ct. App. 2008)). The essential terms are sufficiently certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy. *Mantia*, 900 N.E.2d at 643 (citations omitted). However, "if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to determine what the agreement is and to enforce it without, in effect, making a contract for the parties, no enforceable obligation results." *Litsinger Sign Co. v. American Sign Co.*, 227 N.E.2d 609 (Ohio 1967).

Defendant argues Plaintiff cannot raise a genuine issue of material fact as to the existence of an enforceable oral agreement. Specifically, Defendant contends the offer of severance pay Kolesar allegedly made to Plaintiff was not definite enough to act as the basis for an enforceable contract. ECF No. 28-1 at PageID #: 158. Defendant asserts that Kolesar's "alleged promise was only discussed in the context of retirement" and that there was "no promise or discussion about severance under circumstances where Plaintiff was terminated for cause or otherwise involuntarily discharged." *Id.*

5

Kolesar's statement, viewed in the light most favorable to Plaintiff, establishes the essential terms of an offer, upon which Plaintiff accepted. Kolesar's offer to Plaintiff was made on behalf of Laurie Ann Nursing Home and is an offer of severance payment of six months' salary in return for ten years of employment, to be paid upon her separation from employment. Kolesar's statement, therefore, identifies the parties to the contract and the subject matter of the contract. Though the offer does not explicitly provide a means for acceptance, offers of severance pay may be accepted by compiling the service time necessary for the severance benefit to vest. *See Bolling v. Clevepak Corp.*, 484 N.E.2d 1367, 1374 (Ohio Ct. App. 1984) (offer of severance pay accepted by remaining in employment with knowledge of the severance policy). Plaintiff remained employed by Laurie Ann Nursing Home for over ten years. ECF No. 28-2 at PageID #: 162.

Defendant, by arguing the interpretation of the agreement in an attempt to show that no enforceable contract exists, misses the mark. A contract that is definite as to the agreement's essential terms is binding and enforceable. *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 622 N.E.2d 1093, 1098 (Ohio Ct. App. 1993). The interpretation of an enforceable but ambiguous contract[3] is a question of fact. *Manley v. Plasti Line, Inc.*, 808 F.2d 468, 471 (6th Cir.1987) ("[D]isputed questions of contractual intent are considered factual issues

---

[3] When a contract is ambiguous, the Court may enter summary judgment when "extrinsic evidence leaves no genuine issue of material fact and permits contract interpretation as a matter of law." *Averill v. Gleaner Life Ins. Co.*, 626 F.Supp.2d 756, 761 (N.D.Ohio 2009) (Carr, J.) (citing *Int'l Union, United Auto Aerospace and Agr. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999)). Defendant only argues that an enforceable contract does not exist. It does not argue that the contract is susceptible to only one interpretation.

6

(4:17CV360)

which are precluded from summary resolution."); *see also Averill v. Gleaner Life Ins. Soc.*, 626 F. Supp. 2d 756, 763 (N.D. Ohio 2009) ("[I]f the contract remains ambiguous, then the intent of the parties becomes a question of fact[.]"). Plaintiff has identified and evidenced the essential terms of the agreement. Defendant's alternate interpretations of Kolesar's statement raises questions of fact that should be decided at trial.

Finally, Defendant argues that no meeting of the minds ever occurred, pointing to a number of extrinsic facts in support. Laurie Ann Nursing Home did not have a policy of offering terminated employees six months' severance pay. ECF No. 28-2 at PageID #: 162. The purported severance pay policy was never put into writing. ECF No. 28-1 at PageID #: 159. Moreover, Plaintiff cannot identify another employee who received a similar offer of severance pay. *Id.* Defendant concludes that "[t]he record simply does not support that a genuine issue of material fact exists that a true meeting of the minds existed." *Id.*

"Whether there has been a . . . meeting of the minds is a question of fact to be determined from all the relevant facts and circumstances." *Advance Sign Grp., LLC v. Optec Displays, Inc.*, 722 F.3d 778, 784 (6th Cir. 2013) (interpreting Ohio law). A meeting of the minds requires an objective manifestation of mutual assent, demonstrable through actions such as a promise or performance. *Id.*; *216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*, 540 F.3d 433, 440 (6th Cir. 2008).

Viewing Plaintiff's testimony of her meeting with Kolesar in the light most favorable to Plaintiff, Kolesar promised Plaintiff six months' severance pay, vesting upon ten years' employment with Laurie Ann Nursing Home. Plaintiff manifested her assent through her

7

(4:17CV360)

continued employment with Laurie Ann Nursing Home. Though the facts identified by Defendant may be relevant in assessing the credibility of Plaintiff's testimony that Kolesar actually made such a promise, they do not show that no meeting of the minds occurred. *See Verrett v. Chrysler Corp.*, 194 F.3d 1315, at *3 (6th Cir. 1999) (table) (in interpreting Michigan contract law, finding that, though "subsequent correspondence between the parties may well undermine the credibility of Verrett's and Sullivan's testimony as to the existence or terms of the oral agreement, but this is a factual issue for the jury.").

Because Plaintiff has raised a genuine issue of material fact as to the existence of an enforceable oral contract, summary judgment is inappropriate.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendant's motion for summary judgment.

IT IS SO ORDERED.

| | |
|---|---|
| May 3, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |